NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ROBERT LEWIS HILLS,**

*Plaintiff-Appellant*

**v.**

**UNITED STATES,**

*Defendant-Appellee*

---

2023-1280

---

Appeal from the United States Court of Federal Claims in No. 1:22-cv-01628-DAT, Judge David A. Tapp.

---

**ON MOTION**

---

PER CURIAM.

### O R D E R

Following Robert Lewis Hills' submission of his opening brief, the United States moves for summary affirmance.  We grant the motion.

Mr. Hills filed a complaint in the United States Court of Federal Claims alleging a variety of statutory and constitutional violations by Ohio state officials relating to a traffic stop in Poland, Ohio.  The Court of Federal Claims

dismissed for lack of jurisdiction because Mr. Hills' claims were not directed against the United States or based on money-mandating law. This appeal followed.

We agree that summary affirmance is appropriate because the merits of the parties' positions are so clear "that no substantial question regarding the outcome of the appeal exists," *Joshua v. United States*, 17 F.3d 378, 380 (1994). The Court of Federal Claims is a federal court of limited jurisdiction. 28 U.S.C. § 1491. Relevant here, it may only review claims against the United States. *United States v. Sherwood*, 312 U.S. 584, 588 (1941) ("[I]f the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court."). As found by the Court of Federal Claims and not disputed in Mr. Hills' opening brief, the complaint does not assert any claims against the United States (or a federal entity or officer).* Thus, the Court of Federal Claims was clearly correct in holding that it lacked jurisdiction.

Accordingly,

---

\* Indeed, Mr. Hills' complaint suggests he thought he was filing his complaint in an Ohio state court. Dkt. No. 1 at 2 ("The State of Ohio allows this Municipal Court to claim the State vs[.] when it[']s the municipality committing fraud as it is not representing the state for it is [] self governing.").

HILLS v. US                                                                                      3

IT IS ORDERED THAT:

(1) The motion is granted.  The Court of Federal Claims' judgment is summarily affirmed.

(2)  Each side shall bear its own costs.

FOR THE COURT

March 28, 2023                              /s/ Peter R. Marksteiner
        Date                                Peter R. Marksteiner
                                            Clerk of Court